IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA A. COHEN,<br><br>    Plaintiff,<br><br> v.<br><br>RONALD A. COHEN, a/k/a Rafi Cohen, Rafael Cohen, Rafa-El Cohen, Rafael Chaim Ha Cohen, Rafael Chaim Cohen, Ron Cohen, and Ronnie Cohen,<br><br>    Defendant. | C.A. No. 19-1219-MN |

**DEFENDANT'S RESPONSES TO PLAINTIFF ALICIA A. COHEN'S
FIRST SET OF INTERROGATORIES (NOS. 1–24)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ronald A. Cohen submits the following objections and responses to Plaintiff's First Set of Interrogatories (each an "Interrogatory" and collectively, the "Interrogatories").

**GENERAL OBJECTIONS**

A. Defendant objects to each Definition, Instruction, Interrogatory, or Request to the extent they impose requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, any applicable orders of this Court, or relevant statutory or case law.

B. Defendant objects to the Interrogatories and Requests to the extent that they call for documents or information subject to attorney-client privilege, attorney work-production protection, or otherwise immune from discovery.

C. Defendant objects to the Interrogatories and Requests as overbroad and unduly burdensome to the extent that they call for documents or information not relevant to any claim or defense at issue in the litigation.

D. Defendant objects to the Interrogatories to the extent they seek information that is already in Plaintiff's possession, custody, or control, and/or information that is publicly available and thus at least equally available to Plaintiff as it is to Defendant.

E. Defendant objects to the Interrogatories to the extent they seek information that is unreasonably cumulative or duplicative of other discovery requests or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including third parties.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A. Defendant objects to the Definitions and Instructions to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meanings, include more than their commonly understood definitions, or impart requirements upon Plaintiff that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules.

B. Defendant objects to the instructions to identify a communication, meeting, or person to the extent they are overly broad and unduly burdensome, encompass more than the commonly understood definition, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C. Defendant objects to the definition of "relating to" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      D.      Defendant objects to the definition of "Document" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      E.      Defendant objects to the definition of "Communication" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      F.      Defendant objects to the definition of "Person" or "persons" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definitions, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

In addition to the General Objections identified above, which are each incorporated by reference, Defendant provides the following specific objections and responses to the Interrogatories.

      1.      Provide a list of each address at which you have resided since 1983, along with the dates you resided at each address, and identify the name and contact information for any person that resided with you.

**RESPONSE:**

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "provide a list of each address" where the Defendant has lived in the past 37 years. Subject to the foregoing objections,**

**Outrigger Apts, Tulsa, OK Dec.1983 – 1984 Ron, Louise, Alicia, Philip**

**Shadow Mt. Condominiums, Tulsa, OK 1984 – Aug. 1985 Ron, Louise, Alicia, Phil**

**44 Vansant Rd., Newark, DE, Sept 1985 – 1998 Ron, Louise, Alicia, Phil**

**Pike Creek Apts, 1999 – 12/2000. Ron only**

**600 Brill Ct., Newark, DE 12/2000 – 4/2002 Ron, Carol, E.**

**165 Spring Creek Ln, Wilmington, NC 4/2002 – 12/2012 Ron. Carol, E.**

**1/2013 – 12/2018 Ron**

**12/2018 – present. 2171 Britton Rd., Leland, NC Ron and Miriam**

2. Describe your educational and professional background, including the process by which you were ordained as a minister. In your response, please identify any certificates, degrees, or other qualifications that you hold. In your response, please also identify the name and contact information for the person by whom you were ordained.

**RESPONSE:**

**1970 University Of Miami, BBA Accounting**

**1894 – 1985 Victory Bible School – Ordained Aug. 1985 by Pastor Billy Joe Daugherty. - deceased**

**1999 Master Of Ministry, Dr. William Comfort – deceased**

**2015 Dr. Theological Studies – Dr. Shirley comfort - deceased**

3. Identify all real property, regardless of location, in which you hold an ownership interest.

4

RESPONSE:

**One lot. 2511 Scotts Hill Loop, Scotts Hill, NC 28411**

4. Identify and provide the name and contact information for each of your previous spouses. Include in your response the dates of each respective marriage, the reason for separation and divorce, and the dates of separation and divorce.

RESPONSE:

**Louise Bartle Cohen   6/1977 – 1999   Incompatibility**

**Carol Deinhardt Cohen  12/22/2000 – 5/2018  Mutual Consent. Carol moved to the west coast to be alone to write and compose. She wanted to live alone. In early 2018 she filed a no contest divorced in Lincoln County, WA to release me to go on with my life.**

5. Identify and provide the name and contact information for each person that has administered any lie detector test to you in connection with the Action, the facts alleged in the Complaint, or your Answer.

RESPONSE:

**Lie Detector Test done in Charlotte, NC by a retired FBI agent Robert Drdak who is a specialist in this.**

6. Identify and provide the name and contact information for the friends in Oklahoma with whom Plaintiff and her brother stayed when you and your ex-wife took a one-week trip to Canada in or around 1985, as admitted in paragraph 9 of your Answer.

RESPONSE:

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "identify and provide the name and**

contact information" for people the Defendant has not seen in more than 35 years. Subject to the foregoing objections, this was a couple Louise and I met a few weeks before we left. I think we met them at Victory Christian Center. They were not prior friends nor did we know them at all and I don't remember their names. I think they were Hispanic and left Tulsa shortly after we returned from Vancouver. They offered to watch the kids while we were away because they knew we were looking for a place for the kids to stay while we were away.

I was uncomfortable with them after we left because I called every other day but they said Alicia was asleep, or busy playing or couldn't come to the phone etc. When we come back Alicia didn't say anything negative about her time with them and I left it with Louise to look into.

7. Describe the purpose of traveling ministers visiting your home and the activities that took place during such visits between 1983 and the present. Include in your response the name and contact information for each of the traveling ministers that has ever visited or stayed in your home.

**RESPONSE:**

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "describe" meetings that occurred more than 37 years ago and to provide contact information for individuals back to the early 1980's. Subject to the foregoing objections, these were friends we met in bible school in Tulsa that were fellow ministers. I invited them to come to Newark to speak at our new church and to help me. Our activities were ministerial oriented – prayer, preaching etc.**

6

**Ian and Carolyn Kaiser**

**Tommy and Elizabeth Odell**

**Seth Kwanga**

**Possibly others but I don't remember. By 1989 I was no longer pastoring the church and started traveling.**

**We were also visited by Louise's brother, Larry and Lynn Bartle.**

**My parents, Jonas and Hermine Cohen, were also constant visitors and baby sitters. They watched Alicia and Philip two and three times a week and the kids often would go to their apartment. Hermine passed away 1987, but my dad continued to watch the kids until he passed Sept. 1992.**

8. Describe the purpose of the prayer meetings that took place in the family home and the activities that took place during such visits, and identify and provide the name and contact information for each known person that attended prayer meetings in the family home, as admitted in paragraph 18 of your Answer.

RESPONSE:

**In the structure of building the church we had Wed. afternoon prayer / teaching meetings and sometimes in the evening held in our home 1985 – 1988. Usually 15 – 25 people. Louise was always there and involved at all of them. Being that this was 32 – 35 years ago many of them are deceased.**

9. Provide the exact address of your prior office located on Chapel Street in Newark, Delaware, along with the name and contact information for the landlord during the time period in which you occupied the space, and describe the activities that took place at your office.

RESPONSE:

**I have no recollection of having an office of any sort on Chapel Street in Newark, Delaware.**

10. Provide the full name and contact information for your cousin Lawrence, with whom you admit in paragraph 25 of your Answer that you and your family visited while in Orlando, Florida.

**RESPONSE:**

**Cousin Lawrence was quite a bit older than me and I did know him well at all. When I took the family to Disney World, Orlando, FL we stopped and visited him on our way home in Daytona Beach. We stayed there for two days. Lawrence was a very outspoken homosexual. He prematurely passed away shortly thereafter (possibly from AIDS).**

11. Identify the name and location of any video that depicts or relates to you, Alicia Cohen, your sermons, or your ministry.

**RESPONSE:**

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires the Defendant to identify "name and location of any video" without any limitation on time. Subject to the forgoing objection, I know of no video that has Alicia in it. I do not recall in any of my sermons I mentioned Alicia by name. When we had our church, Alicia and Philip came every Sunday along with Louise. Louise played the guitar and helped lead the worship and she also taught the kids church. There are many videos that relate to me, my sermons and my ministry that were filmed by others.**

8

12. Describe your relationship with Alicia Cohen, Jonathan/Jon Cohen, Philip Cohen, and Louise Bartle Cohen.

RESPONSE:

**Since I moved from Delaware to North Carolina 2002 our relationships were distant. Since Alicia began forming this allegation and asking others about it including Philip, my relationship with Phil has been strained. The kids picked up on our hurting marriage since 1996. Louise and I lived separated from 1996 to 1998. I left the home in 1999 and got my own apartment nearby.**

13. Describe the basis for your allegation that Alicia Cohen is mentally impaired.

RESPONSE:

**From Alicia's own admission in the allegation she stated that she was hospitalized, had much counseling and was clinically depressed. I was completely unaware of this. Louise never told me about her although I asked many times. As a preteen Alica did have counseling and when she was about 12 or 13 a Delaware psychiatrist put her on Ritalin.**

14. Describe what happened to "Freckles," Plaintiff's cocker spaniel puppy.

RESPONSE:

**The cocker spaniel was purchased from a farm in Tulsa, OK. We had it for 3 or 4 days and Louise and I realized that is didn't fit into our lifestyle and in the condo that we were renting. It was a mutual decision to return it. I don't remember any trauma associated with this decision.**

15. Describe the purpose and activities of the churches, ministries, and other religious organizations that you are currently or have previously been affiliated with, including:

a. House of Praise – **A church in Elsmere, Delaware that I was a part of approx. 1989 – mid 90's**

b. Miracle Tabernacle Ministries – **an a.k.a of Miracle Tabernacle. Teaching and pastoring.**

c. Messianic Tabernacle Ministries International – **an a.k.a of Miracle Tabernacle mid 90's to 2001.**

d. Travelling Ministers Fellowship – **a part of Miracle Tabernacle having monthly teaching meetings with other traveling and parachurch ministries in the greater Delaware, Pa area. I started it with Dr. Keith Yoder, Leola, PA.**

e. TMF Ministries – **Traveling Ministers Fellowship**

f. Yahweh Center ?? **A local ministry in Wilmington, NC that I only visited once or twice. Carol Cohen had more to do with them. Carol is now deceased.**

g. Ronald Cohen Ministries – **an a.k.a. of Miracle Tabernacle**

h. The Aaliyah Project – **a project done by Carol Cohen in helping Jews to return to Israel.**

i. Wilmington Aaliyah – **a.k.a. Aliyah Project done by Carol Cohen in helping Jews to return to Israel.**

j. Newark Christian Fellowship – **a local church in Pa. that I attended a year or so when at home. I was not a member. Pastor Bruce Latchaw attended some of the board meetings of Miracle Tabernacle in the 90's.**

**RESPONSE:**

10

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "describe" his ministry activities which span more than four decades. Subject to the foregoing objections, Defendant has responded to this best of his ability above.**

16. Describe in detail the activity that you engage in when traveling for the purpose of your ministry.

**RESPONSE:**

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "describe" his ministry activities which span more than four decades. Subject to the foregoing objections, I would teach and pray for people that were there for the meetings. The local pastors would set up the meetings and oversee them.**

17. Describe how you raise funds to support your ministry.

**RESPONSE:**

**Defendant objects to this Interrogatory because it is overly broad, vague, and unduly burdensome in that it requires Defendant to "describe" his ministry activities which span more than four decades. Subject to the foregoing objections, the pastors would take offerings at the meetings for our ministry. There were a few people who would be "partners" and give on a regular basis.**

18. Describe the circumstances and events relating to your removal from the Newark Christian Fellowship, including the reason for removal. Include in your response the name and contact information for any person involved in the decision to remove you from the Newark Christian Fellowship.

**RESPONSE:**

**I voluntarily left on my own initiative. I have no recollection of being asked to leave.**

19. Identify and describe all of your criminal charges and convictions, including the outcome of each such charge, if not a conviction.

**RESPONSE:**

**I have never been charged with any crime of any sort.**

20. Identify and provide the contact information for all persons that you know or believe to have direct or indirect knowledge of any of: (i) the factual allegations in the Complaint; (ii) any issue in the Action; or (iii) any claim or defense asserted in the Action.

**RESPONSE:**

**I refer to the previously tendered Initial Disclosures. I reserve the right to amend and/or supplement my response.**

21. Identify and provide the contact information for any and all persons having possession or control over any of the documents or information identified in your responses to the Requests for Production.

**RESPONSE:**

22. Explain your response to any Request for Admission that is not an unqualified admission.

**RESPONSE:**

**The responses to the Requests for Admission speak for themselves.**

23. Identify and provide the contact information for all persons with whom you have discussed the Action, including any of the factual allegations in the Complaint and any claim, defense or strategy, and including persons with whom you have consulted, upon whom you relied,

12

or who otherwise constituted a source of information for you or assisted you in responding to these Interrogatories and to the Requests for Production, and describe how each such person assisted you. With respect to each person identified, include in your response the number(s) of the Interrogatory and/or Request for Production, as applicable, to which he or she helped to prepare responses or was consulted, relied upon, or otherwise constituted a source of information or assistance, as well as a brief summary of each person's role relating to the Interrogatories and/or the Requests for Production.

**RESPONSE:**

**I object to this Interrogatory in the event it seeks attorney client privileged communication. Subject to this objection, and without waiving the objections, ___ Michael Sausville, CindySausville Cossu, Danielle Sausville,**

**Ron Rambo, Elaine Rambo, Stacy Rambo,**

**William Self, Charlene McIlnay,**

**Pastor Lottie Rogers, Joseph Rogers,**

**Dr. Jim and Pat Burck**

**Dr. Richard Cohen**

**Elleyana Cohen, Shannon Davis, Ian Kaiser, Joani Hoover, Carol Szumowski,**

**Dr. Keith Yoder,**

**Dr. David Ehrenfeld,**

**Detective Adam Houbinka,**

**Norman and Pam Fredericks, Greg LaFazia, Joan Roberts,**

**Janet Fetewicz, Pam Freyd & Husband,**

**Henri McClees**

Teresa Buonfiglio, Rob Meyer, Geri McGhee, Jim Boland,

Dr. Phillip Morris, Dr. Gary Whetstone, Wes Clemmer

24. Identify each person whom you intend to or may call as an expert witness upon the trial of this matter, and for each such person provide the following information:

    a. The subject matter on which the expert is expected to testify;

    b. The substance of the facts and opinions to which the expert is expected to testify;

    c. A summary of grounds for each opinion;

    d. The data or other information considered by the witness in forming the opinions;

    e. The qualifications of the witness (including a list of all publications authored by the witness within the preceding five (5) years);

    f. Any exhibits to be used as a summary of or support for the opinions;

    g. The compensation to be paid for the witness's study and testimony; and

    h. All other civil actions and/or arbitrations in which the witness has testified as an expert at trial or hearing, or by deposition within the preceding four years.

**RESPONSE:**

**Defendant objects to this Interrogatory because it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Subject to the foregoing objection, Defendant states that, as of the date of these**

response, I have not identified an expert who will testify at trial. Discovery is ongoing and I reserved the right to amend and/or supplement this response.

Dated:

This the 3rd day of April, 2020.

*(signature)*
Ronald A. Cohen
2171 Britton Road
Apartment 208
Leland, NC 28451

## CERTIFICATE OF SERVICE

    I hereby certify under penalty of perjury that the foregoing document was duly served upon all parties to this matter by depositing a copy thereof in the United States mail, first-class postage prepaid, and addressed as follows:

    Steven L. Caponi, Esq.
    Matthew B. Goeller, Esq.
    K&L GATES LLP
    600 N. King Street
    Suite 901
    Wilmington, DE 19801

This the 3rd day of April, 2020.

                                                        _____
                                                        RONALD A. COHEN, *pro se*
                                                        2171 Britton Road
                                                        Apt. 208
                                                        Leland, NC 28451