## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA A. COHEN,<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. COHEN, a/k/a Rafi Cohen, Rafael Cohen, Rafa-El Cohen, Rafael Chaim Ha Cohen, Rafael Chaim Cohen, Ron Cohen, and Ronnie Cohen,<br><br>Defendant. | C.A. No. 19-1219-MN |

### DEFENDFANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1–21) TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ronald A. Cohen submits the following objections and responses to Plaintiff's First Set of Admissions (each an "Requests" and collectively, the "Requests for Admission").

### GENERAL OBJECTIONS

A.      Defendant objects to each Definition, Instruction, or Request to the extent they impose requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, any applicable orders of this Court, or relevant statutory or case law.

B.      Defendant objects to the Requests to the extent that they call for documents or information subject to attorney-client privilege, attorney work-production protection, or otherwise immune from discovery.

C.     Defendant objects to the Requests as overbroad and unduly burdensome to the extent that they call for documents or information not relevant to any claim or defense at issue in the litigation.

D.     Defendant objects to the Requests to the extent they seek information that is already in Plaintiff's possession, custody, or control, and/or information that is publicly available and thus at least equally available to Plaintiff as it is to Defendant.

E.     Defendant objects to the Requests to the extent they seek information that is unreasonably cumulative or duplicative of other discovery requests or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including third parties.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

A.     Defendant objects to the Definitions and Instructions to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meanings, include more than their commonly understood definitions, or impart requirements upon Plaintiff that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules.

B.     Defendant objects to the instructions to identify a communication, meeting, or person to the extent they are overly broad and unduly burdensome, encompass more than the commonly understood definition, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

C.     Defendant objects to the definition of "relating to" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      D.      Defendant objects to the definition of "Document" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      E.      Defendant objects to the definition of "Communication" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

      F.      Defendant objects to the definition of "Person" or "persons" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definitions, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

In addition to the General Objections identified above, which are each incorporated by reference, Defendant provides the following specific objections and responses to the Requests for Admission.

**REQUEST NO. 1:**      Admit that you owned a video camera while living at 44 Vansant Road, Newark, Delaware.

**Denied.**

**REQUEST NO. 2:**      Admit that on one or more occasions you brought Plaintiff with you to meetings with business and ministry partners.

**Denied in part and admitted in part. It is admitted that in the early years of Miracle Tabernacle church (1985 – 1988) Louise Cohen was a part of the Board. If Alicia came to any of the meetings as a child it would have been with Louise. I have no recollection of bringing Alicia to any of the meetings. When Alicia was about 13 years old I took her with me by plane to South Bend, IL for a church conference. We stayed with one of the pastors who also had a daughter. We slept in separate rooms. I took Alicia to see the University of Notre Dame while there.**

**REQUEST NO. 3:**       Admit that on one or more occasions you brought Plaintiff with you to board meetings at your office located on Chapel Street in Newark, Delaware.

**Denied.**

**REQUEST NO. 4:**       Admit that on one or more occasions, travelling ministers visited and stayed overnight in your family home in Newark, Delaware.

**It is admitted that ministers visited and stayed at the home of Louise and me. Except as admitted herein, the remaining allegations are denied.**

**REQUEST NO. 5:**       Admit that a travelling minister named Jeff visited the family home in Newark, Delaware and stayed overnight.

**Denied.**

**REQUEST NO. 6:**       Admit that you filmed and distributed videos of yourself preaching.

**Denied.**

**REQUEST NO. 7:**       Admit that men from Africa visited and stayed at your family home in Newark, Delaware when Plaintiff was approximately 9 years old.

**It is admitted that Alicia a 9 yrs old would be approx. 1989. I did not have a church then to have brought anyone to preach at.   Around 1987 my friend and evangelist from Kenya, Seth Kwanga stayed with us two or three days. I believe he was alone. Alicia would have been 7 then. Except as admitted herein, the remaining allegations are denied.**

**REQUEST NO. 8:**    Admit that, in or around 1989, you took Plaintiff to a therapist and remained with Plaintiff during one or more sessions.

**Denied.**

**REQUEST NO. 9:**    Admit that you took Plaintiff to a Christian father-daughter camp.

**Denied.**

**REQUEST NO. 10:**    Admit that Plaintiff was taken to see a psychiatrist in Wilmington, Delaware in or around 1992 for head banging, insomnia, anxiety, and/or panic attacks.

**I don't remember the time or Dr. but this could have been the time she was placed on Ritalin. Except as admitted herein, the remaining allegations are denied.**

**REQUEST NO. 11:**    Admit that you have been diagnosed with narcissistic personality disorder.

**Denied.**

**REQUEST NO. 12:**    Admit that you told Plaintiff on one or more occasions that she was possessed by demons.

**Denied.**

**REQUEST NO. 13:**    Admit that you have been asked to leave one or more churches.

5

**Denied.**

**REQUEST NO. 14:**        Admit that you claim to heal people.

**Denied.**

**REQUEST NO. 15:**        Admit that you have claimed to have had blue light and/or blue flames coming from your fingertips.

**It is admitted that before I was saved (born again) in July 1976 when I gave my life to Jesus, I traveled in India and had certain experiences while meditating.  I did describe an experience phenomenon that felt like that at the time.   After my salvation and new life as a Christian I never had any experiences like that again. Except as admitted herein, the remaining allegations are denied.**

**REQUEST NO. 16:**        Admit that you claim to anoint people, including children, with oil.

**It is admitted I do often anoint Christians with oil according to the bible when I pray for them.  Except as admitted herein, the remaining allegations are denied.**

**REQUEST NO. 17:**        Admit that you had an extramarital affair during your first marriage to Louise Cohen.

**Denied.**

**REQUEST NO. 18:**        Admit that you have been divorced twice.

**Admitted.**

**REQUEST NO. 19:**        Admit that you are estranged from all of your children.

**Admitted.**

**REQUEST NO. 20:**        Admit that in or about 1989, at Baltimore Harbor, Plaintiff stated in your presence that she had blood in her underwear.

**Denied.**

**REQUEST NO. 21:**   Admit that Plaintiff is a victim of child sexual abuse.

**Denied.**

This the 3rd day of April, 2020.

Ronald A. Cohen
2171 Britton Road
Apartment 208
Leland, NC 28451

7

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that the foregoing document was duly served upon all parties to this matter by depositing a copy thereof in the United States mail, first-class postage prepaid, and addressed as follows:

Steven L. Caponi, Esq.
Matthew B. Goeller, Esq.
K&L GATES LLP
600 N. King Street
Suite 901
Wilmington, DE 19801


This the 3rd day of April, 2020.

RONALD A. COHEN, *pro se*
2171 Britton Road
Apt. 208
Leland, NC 28451