IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA A. COHEN,<br><br>Plaintiff,<br><br>v.<br><br>RONALD A. COHEN, a/k/a Rafi Cohen, Rafael Cohen, Rafa-El Cohen, Rafael Chaim Ha Cohen, Rafael Chaim Cohen, Ron Cohen, and Ronnie Cohen,<br><br>Defendant. | C.A. No. 19-1219-MN |

**DEFENDANT'S RESPONSES TO PLAINTIFF ALICIA A. COHEN'S
SECOND SET OF DISCOVERY REQUESTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Ronald A. Cohen submits the following objections and responses to Plaintiff's Second Set of Admissions, Interrogatories and Requests for Production of Documents.

**GENERAL OBJECTIONS**

A.  Defendant objects to each Definition, Instruction, or Request to the extent they impose requirements that are inconsistent with or exceed those specified by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, any applicable orders of this Court, or relevant statutory or case law.

B. Defendant objects to the Requests to the extent that they call for documents or information subject to attorney-client privilege, attorney work-production protection, or otherwise immune from discovery.

C. Defendant objects to the Requests as overbroad and unduly burdensome to the extent that they call for documents or information not relevant to any claim or defense at issue in the litigation.

D. Defendant objects to the Requests to the extent they seek information that is already in Plaintiff's possession, custody, or control, and/or information that is publicly available and thus at least equally available to Plaintiff as it is to Defendant.

E. Defendant objects to the Requests to the extent they seek information that is unreasonably cumulative or duplicative of other discovery requests or information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, including third parties.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

A. Defendant objects to the Definitions and Instructions to the extent that they purport to define words or phrases to have a meaning different from their commonly understood meanings, include more than their commonly understood definitions, or impart requirements upon Plaintiff that exceed the requirements of the Federal Rules of Civil Procedure and the Local Rules.

  B. Defendant objects to the instructions to identify a communication, meeting, or person to the extent they are overly broad and unduly burdensome, encompass more than the commonly understood definition, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  C. Defendant objects to the definition of "relating to" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  D. Defendant objects to the definition of "Document" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  E. Defendant objects to the definition of "Communication" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly understood definition, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

  F. Defendant objects to the definition of "Person" or "persons" to the extent it is overly broad and unduly burdensome, encompasses more than the commonly

understood definitions, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## REQUESTS TO ADMIT

**REQUEST NO. 22:** Admit that you claim to have had friends with no bodies.

RESPONSE: When I was a child, I thought I had "friends" in the woods across the street from where. I grew up.

**REQUEST NO. 23:** Admit that you have claimed to be able to astral travel.

RESPONSE: This was something I thought I experienced while "meditating" in India. This was before I became a Christian. I also no longer believe that this was a valid experience.

**REQUEST NO. 24:** Admit that you have received counseling and/or treatment from one or more therapists, psychologists, counselors, and/or psychiatrists.

RESPONSE: The only ones I received counseling from were pastors that I was committed to in church. Pastors Jim Burck, Ed Szymowski, Dr. Keith Yoder. I don't recall being with psychiatrists or therapists.

**REQUEST NO. 25:** Admit that you received counseling and/or treatment from Dr. Barbara Shaffer.

RESPONSE: My wife back then, Louise Cohen, was seeing Barbara Shaffer and I drove her to her appointments. Outside of greeting her, I don't remember having any formal counseling with her about myself.

**REQUEST NO. 26:** Admit that Louise Cohen was not present during every prayer meeting that Alicia Cohen attended at the family home.

RESPONSE: I deny. Louise would always be present.

**REQUEST NO. 27:** Admit that during the custody case involving Jon Cohen, you accused Louise Cohen of having significant mental health issues.

RESPONSE: I admit that she did have issues. Louise had years of counseling.

**REQUEST NO. 28:** Admit that you visited or attempted to visit Alicia Cohen in her neighborhood in Delaware in or around 2010.

RESPONSE: I admit that. I hadn't seen her in many years and I finally got her address.

**REQUEST NO. 29:** Admit that you owned a VHS duplication machine while living at 44 Vansant Road, Newark, Delaware.

RESPONSE: I deny. I never owned a VHS duplicating machine nor used one.

**REQUEST NO. 30:** Admit that you mailed VHS tapes through U.S. mail.

RESPONSE: I don't recall ever mailing a VHS tape and if I did it would be a tape of a meeting that I did that was sent to me.

## INTERROGATORIES

25. Describe the dates and substance of your conversations with the individuals listed in your response to Interrogatory Number 23 in the First Set of Interrogatories.

RESPONSE:

**I object to this Interrogatory in the event it seeks attorney client privileged communication. Subject to this objection, and without waiving the objections:**

**Michael Sausville - July, 2019 – I talked to him about the complaint and that he was listed in it. The Sausville's were friends during the time of the allegation. I denied the allegations.**

**Cindy Sausville Cossu – Sept., 2019 – Cindy was Michael Sausville's wife at the time of the complaint. Talked to her about the complaint and any of it's contents. I denied the allegations.**

**Danielle Sausville, - Sept. 2019 – Talked to her about the complaint. She was a friend of Alicia as children. I denied the allegations.**

**Ron Rambo, Elaine Rambo, Stacy Rambo - Approx. Nov. 2019. Ron Rambo was my recording engineer during the 80's when I recorded my weekly radio**

program on cassette tapes only. I talked to them about the complaint. They were family friends in the late 80's. I denied the allegations.

William Self, Charlene McIlnay, July 2019. As my friends I mentioned briefly about the complaint and asked for their prayers. I denied the allegations.

Pastor Lottie Rogers, Joseph Rogers, July, Aug. 2019. Lottie is my Pastor and has prayed with me about the allegations but she doesn't know any of the details except that I denied the allegations.

Dr. Jim and Pat Burck - July, 2019. Jim was our Pastor from 1976 – 1980. Louise and I were married June 1977 by Jim. I talked to him about the complaint and I have denied the allegations.

Dr. Richard Cohen - July 2019. I talked to him about the complaint. I denied the allegations.

Elleyana Cohen, Shannon Davis, Ian Kaiser, Joani Hoover, Carol Szumowski, July 2019, Aug 2019. As friends I briefly talked to them about the complaint. I denied the allegations.

Dr. Keith Yoder, - July 2019 then visited him approx. Oct, 2019. Keith was on the board of the ministry in the late 80's and 90's. Also teamed with me for the

7

Traveling Ministers Fellowship during that time. I talked with him about the complaint. I denied the allegations.

Dr. David Ehrenfeld, July 2019. I talked with him that he was mentioned in the allegation. I denied the allegations.

Detective Adam Houbinka, Approx. Jan 2020. Asked if he knew about the complaint. I denied the allegations.

Norman and Pam Fredericks, Approx. Sept. 2019. As family friends in the late 70' and 80's I talked to them about the complaint. I denied the allegations.

Greg LaFazia, Approx. Dec. 2019 he contacted me about the allegation that he saw online. I denied the allegations.

Joan Roberts, Approx Nov., Dec. 2019 Legal aid. Asked her if she was able to help me. She couldn't. I denied the allegations.

Janet Fetewicz, Pam Freyd & Husband, Sept. 2019. Founders of the False Memory Foundation in Philadelphia. I visited them and talked about the allegation. I denied the allegations.

Henri McClees - July 2019. Talked with her about the allegation. I denied the allegations.

Teresa Buonfiglio, Rob Meyer, Geri McGhee, Jim Boland,

Dr. Phillip Morris, Dr. Gary Whetstone, Wes Clemmer - Approx . July 2019 – Nov. 2019. As prior friends or acquaintances I talked briefly with them about the allegation. I denied the allegations.

26. Provide the case citation, including the jurisdiction and case number, of any previous court cases in which you were involved, including in connection with divorce proceedings and child custody proceedings.

**RESPONSE:**

I have no previous court citations except the divorce with Louise of which you have the whole case records submitted to your office in April.

27. Describe the basis for your assertion that Carol Cohen is now deceased.

**RESPONSE:**

Death certificate provided.

28. Provide a list of all forms of counseling and therapy, of any type, that you have received in your lifetime, along with the dates you received that counseling and/or therapy, by whom, and with whom.

RESPONSE:

**Sept. 1976 – 1980 - Pastoral and ministry counselling by Dr. Jim Burck**

**1980 – 1983 – Pastoral and ministry counselling by Pastor Ed Szymowski.**

**1986 – 1990 – Ministry counselling by Pastor Rev. Keith Yoder**

**1996 – 1998 – Ministry counselling with Pastor Bruce Latchall**

29. Has any counselor of any type, including a therapist, psychologist, psychiatrist, minister, nurse, or other health care provider (including mental health), ever described you as a narcissist, or used the word narcissist or narcissism in describing you? If so, provide details.

RESPONSE:

No councilor, pastor, ministry associate or friend has ever called me that nor do I, nor had I ever seen myself or described myself as a narcissist.

30. Provide the address of any location used by you, or any ministry or organization run by you, as an office during the years 1985 to 1999 in Delaware.

RESPONSE:

My family home 44 Vansant Rd, Newark, DE 19711 1986 – 1998

A redone stable barn right near our home on Polly Drumand Hill Rd. 1998 – 2000.

## REQUESTS FOR PRODUCTION

32. All photographs of Alicia Cohen that are in your possession or control.

**RESPONSE:**

On or about April 15, 2020, I delivered approximately 17 boxes of records responsive to your records, which included all photographs of Alicia Cohen in my possession. I do not have any additional photographs.

All of your medical and psychological records.

**RESPONSE:**

None. I do not have any psychological records nor do I remember having any.

33. All communications between you and any of the individuals listed in your response to Interrogatory Number 23 in the First Set of Interrogatories, including any documents attached to or referenced in such communications.

**RESPONSE:**

None.

34. All documents identified in your responses to the Second Set of Interrogatories.

**RESPONSE:**

Any responsive documents will be produced.

35. *All video recordings of Alicia Cohen that are in your possession or control.*

**RESPONSE:**

None. I don't have nor ever had any video recordings of Alicia Cohen.

36. All documents and communications relating to therapy and/or counseling provided to you or Alicia Cohen, including therapy and/or counseling services provided by Dr. Barbara Shaffer.

**RESPONSE:**

None. I don't have any nor ever had any. I was never aware of Alicia seeing Ms. Shaffer.

37. Provide a signed copy of the Release for documents and information related to services provided by Dr. Barbara Shaffer, attached as Exhibit 1.

**RESPONSE:**

My wife back then, Louise Cohen, was seeing Barbara Shaffer and I drove her to her appointments. Outside of greeting her, I don't remember having any formal counseling with her about myself. Therefore, I am not signing a release for documents and information related to a provider that never treated me.

This the 6th day of July, 2020.

_____
Ronald A. Cohen
2171 Britton Road
Apartment 208
Leland, NC 28451

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that the foregoing document was duly served upon all parties to this matter by depositing a copy thereof in the United States mail, first-class postage prepaid, and addressed as follows:

Steven L. Caponi, Esq.
Matthew B. Goeller, Esq.
K&L GATES LLP
600 N. King Street
Suite 901
Wilmington, DE 19801

This the 6th day of July, 2020.

_____
RONALD A. COHEN, *pro se*
2171 Britton Road
Apt. 208
Leland, NC 28451