# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA A. COHEN,<br><br>               Plaintiff,<br><br>     v.<br><br>RONALD A. COHEN, a/k/a Rafi Cohen, Raphael Cohen, Rapha-El Cohen, Raphael Chaim Ha Cohen, Raphael Chaim Cohen, Ron Cohen, and Ronnie Cohen,<br><br>               Defendant. | C.A. No. 19-1219-MN<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] FINAL PRETRIAL ORDER

In accordance with Federal Rule of Civil Procedure 16, D. Del. LR 16.3, and the September 25, 2019 Scheduling Order (D.I. 11), the following shall constitute the Proposed Final Pretrial Order.

| | | |
|---|---|---|
| Counsel for Plaintiff | Steven L. Caponi (No. 3484)<br>Matthew B. Goeller (No. 6283)<br>K&L GATES LLP<br>600 N. King Street<br>Suite 901<br>Wilmington, DE 19801<br>Phone: (302) 416-7080<br>steven.caponi@klgates.com<br>matthew.goeller@klgates.com<br><br>Daniel J. Stephenson<br>Emily Mather<br>K&L GATES LLP<br>4350 Lassiter at North Hills Ave.<br>Raleigh, NC 27609<br>Phone: (919) 743-7300<br>dan.stephenson@klgates.com<br>emily.mather@klgates.com | Amy L. Groff<br>K&L GATES LLP<br>17 North Second Street<br>18th Floor<br>Harrisburg, PA 17101<br>Phone: (717) 231-5876<br>amy.groff@klgates.com<br><br>Stephanie Richard<br>RISE Clinic Director<br>Loyola Law School<br>919 Albany Street<br>Los Angeles, CA 90015<br>Phone: (651) 245-6389<br>Stephanie.richard@lls.edu |
| Counsel for Defendant | Christofer C. Johnson (No. 5621)<br>THE JOHNSON FIRM LLC<br>704 N. King St.<br>Suite 600 | R. Daniel Boyce<br>Caitlin A. Mitchell<br>NEXSEN PRUET, PLLC<br>4141 Parklake Avenue |

Wilmington, DE 19801     Suite 200
Phone: (215) 570-1975     Raleigh, NC 27612
chris@johnsonfirmllc.com     Phone: (919) 755-1800
dboyce@nexsenpruet.com
cmitchell@nexsenpruet.com

## I. Nature of the Action—D. Del. LR 16.3(1)

This is an action for child sexual abuse and human trafficking filed by Plaintiff Alicia A. Cohen, against her father, Defendant Ronald A. Cohen. These issues are raised in the First Amended Verified Complaint for Child Sexual Abuse and Human Trafficking. D.I. 32. Plaintiff asserts the following causes of action against Defendant:

- Human Trafficking Under Federal Law
- Sexual Abuse of a Minor by an Adult Under Delaware Law
- Assault and Battery Under Delaware Law
- Intentional Infliction of Emotional Distress Under Delaware Law
- Negligent Infliction of Emotional Distress Under Delaware Law
- False Imprisonment Under Delaware Law
- Human Trafficking Under Delaware Law
- Sexual Battery Of A Minor Under Florida Law
- Human Trafficking Under Florida Law
- Incest Under Florida Law
- Intentional Infliction of Emotional Distress Under Florida Law
- False Imprisonment Under Florida Law
- Child Sexual Abuse Under New Jersey Law
- Human Trafficking Under New Jersey Law

There are no counterclaims or crossclaims in this action.

## II. Jurisdiction and Venue—D. Del. LR 16.3(2)

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the principal claims arise under the laws of the United States: 18 U.S.C. §§ 2255; 1589–91; 2241(c); 2251–52A; and 2421–23. The Court has supplemental jurisdiction over the state law claims by virtue of 28 U.S.C. § 1367, because the state law claims are so related to the federal law claims that they form part of the same case or controversy.

Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

This Court has personal jurisdiction over Defendant under 10 *Del. C.* § 3104(c)(3) because Defendant committed tortious acts and/or omissions in this State and the causes of action enumerated herein arose in substantial part therefrom. The exercise of personal jurisdiction by this Court over Defendant is consistent with the United States Constitution because Defendant, by virtue of his acts and omissions within the State, has had sufficient minimum contacts with the State such that he could reasonably expect to be haled into court in this State. The exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

Venue is proper in this district under 28 U.S.C. § 1391(b) and/or (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and Defendant is subject to personal jurisdiction in this State.

## III. Facts Which Are Admitted and Require No Proof—D. Del. LR 16.3(3)

A statement of facts which are admitted and require no proof is attached as **Exhibit 1**. These facts are not in dispute and/or have been stipulated to by the parties, and thus require no

proof at trial. Any party, without prior notice to the other party, may read any or all of the uncontested facts to the jury or the Court, and will be charged for the time used to do so.

IV.    **Issues of Fact Which Remain to be Litigated—D. Del. LR 16.3(4)**

    A.    **Plaintiff's Issues of Fact Which Remain to Be Litigated**

Plaintiff's statement of the issues of fact that remain to be litigated is attached as **Exhibit 2**.

    B.    **Defendant's Issues of Fact Which Remain to Be Litigated**

Defendant's statement of the issues of fact that remain to be litigated is attached as **Exhibit 3**.

V.    **Issues of Law—D. Del. LR 16.3(5)**

    A.    **Plaintiff's Issues of Law Which Remain to Be Litigated**

Plaintiff's statement of the issues of law that remain to be litigated is attached as **Exhibit 4**.

    B.    **Defendant's Issues of Law Which Remain to Be Litigated**

Defendant has not submitted a statement of the issues of law that remain to be litigated.

VI.    **Exhibits—D. Del. LR 16.3(6)**

    A.    **Plaintiff's Exhibits**

Plaintiff's list of exhibits that she intends to offer at trial, including Defendant's objections and Defendant's citations to the Federal Rules of Evidence, is attached as **Exhibit 5**.

    B.    **Defendant's Exhibits**

Defendant's list of exhibits that he intends to offer at trial, including Plaintiff's objections and Plaintiff's citations to the Federal Rules of Evidence, is attached as **Exhibit 6**.

    C.    **Demonstrative Exhibits**

The parties will exchange demonstratives to be used in opening statements by 5:00 p.m. two (2) calendar days before opening statements. The parties will provide any objections to such demonstratives by 12:00 p.m. one (1) calendar day before opening statements.

A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the night before their intended use, and objections will be provided no later than 9:00 p.m. the night before their intended use. If objections are provided, the parties will meet and confer no later than 10:00 p.m. the same night to resolve the objections. If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s).

The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other party in PDF form. However, for demonstratives that cannot be provided in PDF form, the party seeking to use the demonstrative will provide it to the other side on a DVD, CD, or other appropriate medium (including by file transfer). For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

This provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use.

If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the opening statements or prior to the associated witness being called to the witness stand. Failure to comply with these

procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative exhibit or waiver of any objections to the demonstrative exhibit.

## VII. Witnesses—D. Del. LR 16.3(7)

### A. Plaintiff's Witnesses

The list of witnesses Plaintiff may call to testify is attached as **Exhibit 7**. Plaintiff submits that the Court should rule at trial on objections to expert testimony as outside the scope of prior expert disclosures.

### B. Defendant's Witnesses

The list of witnesses Defendant may call to testify is attached as **Exhibit 8**.

### C. Testimony by Videotaped Deposition

Defendant will offer the testimony of the following witnesses by videotaped deposition:

- Danielle Sausville
- Michael Sausville
- Sid Roth
- David Ehrenfeld

A chart with the deposition designations, counter-designations, and objections to admission of deposition testimony is attached as **Exhibit 9**.

## VIII. Plaintiff's Claims Including Damages and Relief Sought—D. Del. LR 16.3(8)

Plaintiff's statement of her claims, including her damages and the relief sought, is attached as **Exhibit 10**.

## IX. Defendant's Defenses—D. Del. LR 16.3(9)

Defendant's statement of what he intends to prove as defenses is attached as **Exhibit 11**.

## X. Counterclaimant's or Crossclaimant's Claims—D. Del. LR 16.3(10)

There are no counterclaimants or crossclaimants in this action.

## XI.    Amendments of the Pleadings—D. Del. LR 16.3(11)

The parties are not seeking any amendments to the pleadings.

## XII.    Certification Regarding Settlement—D. Del. LR 16.3(12)

Plaintiff certifies that her counsel has engaged in a good faith effort to explore the resolution of the controversy by settlement.

Defendant represents he offered to mediate this matter on more than one occasion. Defendant offers the prior correspondence related to his good faith offers to explore resolution of this dispute as **Exhibit 12**.

## XIII.    Other Matters—D. Del. LR 16.3(13)

### A.    Motions *in Limine*

Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

### 1. Plaintiff's Motions *in Limine*

Plaintiff's Motion *in Limine* No. 1: Motion to Preclude Defendant from Introducing Evidence or Argument Regarding Polygraph Examination, including Defendant's opposition and Plaintiff's reply are attached collectively as **Exhibit 13**.

Plaintiff's Motion *in Limine* No. 2: Motion to Preclude Defendant from Introducing Evidence or Argument Regarding Law Enforcement including Defendant's opposition and Plaintiff's reply are attached collectively as **Exhibit 14**.

### 2. Defendant's Motions *in Limine*

Defendant's Motion *in Limine t*o Exclude any Evidence Regarding Defendant's Alleged History of Being Dishonest, Manipulative, and Narcissistic, including Plaintiff's opposition and Defendant's reply are attached collectively as **Exhibit 15**.

Defendant's Motion *in Limine* to Exclude any Evidence Regarding Defendant's Religious Beliefs, including Plaintiff's opposition and Defendant's reply are attached collectively as **Exhibit 16**.

Defendant's Motion *in Limine* to Exclude Any Evidence of Defendant's Prior Child Custody Dispute and Corresponding Allegations that Defendant "Molested" of His Son, including Plaintiff's opposition and Defendant's reply are attached collectively as **Exhibit 17**.

### B. Length of Trial

Trial will be held September 13–17, 2021. D.I. 115.

### C. Jury

There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading *voir dire* to the jury panel in the courtroom,

continuing by meeting with jurors individually in Chambers or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

### D. Motions for Judgment as a Matter of Law

The parties submit that motions for judgment as a matter of law ("JMOL") should be made immediately at the close of each phase of the trial as appropriate, with the jury out of the courtroom. A brief identification of the issues for which JMOL is sought shall suffice to preserve the issues. Such motions may be supplemented in writing.

### E. Plaintiff's Emotional Support Dog

Plaintiff requests that during her testimony and while in the courtroom she be permitted to sit with her emotional support dog, Cookie. Cookie is a six-pound Chihuahua, registered with the USA Service Dog Registration, registration number 1760692093. Cookie is registered to provide support for Plaintiff's post-traumatic stress disorder. According to Plaintiff's treating psychiatrist, Plaintiff requires the presence of Cookie both at home and at her place of employment. Cookie is trained to perform specific tasks to mitigate symptoms of Plaintiff's post-traumatic stress disorder, including: grounding Plaintiff during flashbacks or dissociative episodes through tactile intervention; using tactile intervention when Plaintiff experiences sensory overload; alerting Plaintiff of intruder or approaching stranger to alleviate hypervigilance symptoms; alerting Plaintiff of oncoming panic attack and distracting using tactile intervention; waking Plaintiff during night terrors; and using tactile intervention when Plaintiff experiences dissociative episodes to alleviate self-harming behavior. *See* 28 CFR § 36.104 (ADA's implementing regulations defining a service animal as "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability," including a psychiatric disability, where the work or tasks are "directly related to the

individual's disability."); *C. L. v. Del Amo Hosp., Inc.*, 992 F.3d 901, 911 (9th Cir. 2021); *United States v. Jackson*, 2021 WL 1570613, at *8 (N.D. Ind. Apr. 22, 2021) (permitting therapy dog to be with alleged victim in relative proximity until and while she testifies).

Defendant reserves the right to be heard on this issue.

### F. Witnesses Not Previously Disclosed

Plaintiff objects to Defendant calling any witness at trial who has not been previously disclosed in Defendant's initial disclosures or discovery responses. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

### G. Defendant's Rule 11 Defense

Plaintiff renews her Motion for Partial Summary Judgment on Defendant's Fifth Affirmative Defense and Fourth Prayer for Relief. D.I. 72. Plaintiff also requests this Court strike Paragraph 5 of Defendant's statement of what he intends to prove as defenses, attached as Exhibit 11. Defendant's statement includes a "notice" that Plaintiff's First Amended Verified Complaint "violates Rule 11 of the Federal Rules of Civil Procedure." Ex. 11 at ¶ 5. This defense is procedurally and legally barred by this Court's prior ruling.

On January 8, 2021, the Court held a hearing on Plaintiff's motion. Defense counsel represented to the Court that Defendant is not going to argue Rule 11 to the jury:

> THE COURT: And finally, we have a summary judgment motion. And the summary judgment motion is essentially saying take out the assertions of Rule 11. And as I see it, no Rule 11 motion has been filed. *It appears from the filings that Defendant is not going to argue Rule 11 to the jury. Is that right, Mr. Boyce?*
> MR. BOYCE: *That is correct, Your Honor.*

Jan. 8, 2021 Hearing Trans. 15:12–18 (emphasis added).  Accordingly, the Court ruled that Plaintiff's Motion for Partial Summary Judgment was denied as premature.  The Court held:

> THE COURT: What I'm going to do on the summary judgment motion is I'm going to deny that motion as premature. There is no Rule 11 motion before me. Rule 11 sanctions are an issue for the Court. *There will be no Rule 11 assertions at trial.* Defendant can challenge Plaintiff's assertions, but he may not argue to the jury that they are frivolous or that it is sanctionable to have brought this case. Based on what I have seen so far, I don't expect that I will ever see a Rule 11 motion, but if I do, we will deal with it if and when necessary.
> So the summary judgment motion is denied, but it's denied as premature. *And should Rule 11 rear its head at a later date, the Plaintiff may respond or reraise that issue*.

*Id.* at 16:2–15 (emphasis added).  Defendant now states the Rule 11 issue is one of the defenses he intends to prove at trial.  Plaintiff, therefore, renews her Motion for Partial Summary Judgment.  Briefing on the motion is complete.  This Court should grant the motion, strike the Rule 11 defense, and affirm its prior ruling that Defendant is precluded from making any Rule 11 arguments at trial.

Dated: August 31, 2021

| | |
|---|---|
| **K&L GATES LLP** | **THE JOHNSON FIRM, LLC** |
| */s/ Matthew B. Goeller* | */s/ Christofer C. Johnson* |
| Steven L. Caponi (No. 3484) | Christofer C. Johnson (No. 5621) |
| Matthew B. Goeller (No. 6283) | 704 N. King St., Suite 600 |
| 600 N. King Street, Suite 901 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Phone: (302) 397-3988 |
| Phone: (302) 416-7080 | chris@johnsonfirmllc.com |
| steven.caponi@klgates.com | |
| matthew.goeller@klgates.com | *Of counsel:* |
| | |
| *Of counsel:* | R. Daniel Boyce |
| | Caitlin Mitchell |
| Daniel J. Stephenson | NEXSEN PRUET, PLLC: |
| Emily Mather | 4141 Parklake Avenue, Suite 200 |
| K&L GATES LLP | Raleigh, NC 27612 |
| 4350 Lassiter at North Hills Ave. | Phone: (919) 755-1800 |

Raleigh, NC 27609  
Phone: (919) 743-7300  
dan.stephenson@klgates.com  
emily.mather@klgates.com  

dboyce@nexsenpruet.com  
cmitchell@nexsenpruet.com  

*Attorneys for Defendant Ronald A. Cohen*

Amy L. Groff  
K&L GATES LLP  
17 North Second Street, 18th Floor  
Harrisburg, PA 17101  
Phone: (717) 231-5876  
amy.groff@klgates.com  

Stephanie Richard  
RISE Clinic Director  
Loyola Law School  
919 Albany Street  
Los Angeles, CA 90015  
Phone: (651) 245-6389  
Stephanie.richard@lls.edu  

*Attorneys for Plaintiff Alicia A. Cohen*

      This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

IT IS SO ORDERED this _____ day of _____, 2021.

_____  
UNITED STATES DISTRICT JUDGE