# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA A. COHEN,<br><br>        Plaintiff,<br><br>   v.<br><br>RONALD A. COHEN, a/k/a Rafi Cohen, Rafael Cohen, Rafa-El Cohen, Rafael Chaim Ha Cohen, Rafael Chaim Cohen, Ron Cohen, and Ronnie Cohen,<br><br>        Defendant. | C.A. No. 19-1219-MN |

## **DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

For the reasons set forth within the corresponding support brief, which has been filed contemporaneously herewith, Defendant Ronald Cohen respectfully moves the Court to grant the Rule 50(a) Motion for Judgment as a Matter of Law. At its highest level, Plaintiff has an affirmative burden of proof in this matter, which requires Plaintiff to proffer a sufficient amount of evidence, that two independent facts actually occurred- (1) Plaintiff was sexually abused as a child; and (2) that this sexual abuse was committed and/or orchestrated by Defendant.

F.R.C.P 50(a) dictates the standard applicable to Motions for Judgment as a Matter of Law are as follows:

> If a party has been fully heard on an issue during a jury trial
> and the court finds that a reasonable jury would not have a legally
> sufficient evidentiary basis to find for the party on that issue,
> the court may:
>     (A) resolve the issue against the party; and
>     (B) grant a motion for judgment as a matter of law
>         against the party on a claim or defense that, under
>         the controlling law, can be maintained or defeated
>         only with a favorable finding on that issue.

Here, Plaintiff wholly failed to proffer *any* corroborative evidence to support her allegations that she was sexually abused and trafficked as a child. In addition, Plaintiff did not present *any* direct or circumstantial evidence, which tended to show *Defendant* caused Plaintiff to suffer any type of traumatic experience as a child.

Therefore, Defendant respectfully requests that the Court grant the Rule 50 Motion for Judgment as a Matter of Law.

Respectfully submitted on this the 16th day of September, 2021, by and through the undersignedcounsel:

| | |
|---|---|
| /s/ R. Daniel Boyce<br>R. Daniel Boyce, Esq.<br>N.C. State Bar No.: 12329<br>NEXSEN PRUET, PLLC:<br>4141 Parklake Avenue, Suite 200<br>Raleigh, NC 27612<br>Phone: (919) 755-1800<br>Fax: (919) 890-4540<br>dboyce@nexsenpruet.com<br>*Pro Hac Vice Counsel for Defendant* | Christofer C. Johnson, Esq.<br>Delaware Bar No. 5621<br>THE JOHNSON FIRM, LLC<br>704 N. King St., Suite 600<br>Wilmington, DE 19801<br>Phone: 302-397-3988<br>Fax: 302-472-4920<br>chris@johnsonfirmllc.com<br>*Local Counsel for Defendant* |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was e-filed today via the Court's CM/ECF System, which automatically served a copy of the same upon the following counsel of record:

Steven L. Caponi, Esq.
Matthew B. Goeller, Esq.
Amy L. Groff, Esq.
Daniel J. Stephenson, Esq.
Emily Mather, Esq.
K&L GATES LLP
600 N. King Street
Suite 901
Wilmington, DE 19801

Stephanie Richard, Esq.
Coalition to Abolish Slavery & Trafficking
5042 Wilshire Blvd., #586
Los Angeles, CA 90036

*Counsel for Plaintiff*


Dated: September 16, 2021

THE JOHNSON FIRM LLC

Christofer C. Johnson, Esq
U.S. District Court DED Bar# 5621
704 N. King St, Suite 600
Wilmington, DE. 19801