IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALICIA A. COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-1219-MN |
| | ) | |
| RONALD A. COHEN, a/k/a Rafi Cohen, | ) | |
| Rafael Cohen, Rafa-El Cohen, Rafael Chaim | ) | |
| Ha Cohen, Rafael Chaim Cohen, Ron Cohen, | ) | |
| and Ronnie Cohen | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Steven L. Caponi, Amy L. Groff, Daniel J. Stephenson, Emily Mather, Matthew B. Goeller, K&L GATES LLP, Wilmington, DE; Stephanie Richard, RISE CLINIC AT LOYOLA LAW SCHOOL, Los Angeles, CA – Attorneys for Plaintiff.

R. Daniel Boyce, NEXSEN PRUET, PLLC, Raleigh, NC; Christofer C. Johnson, THE JOHNSON FIRM, LLC; Sanjay K. Bhatnagar, – Attorneys for Defendant

March 30, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law, or, Alternatively, For New Trial.  (D.I. 176).  For the reasons that follow, the Court denies Defendant's motion.

## I.     <u>BACKGROUND</u>

On June 27, 2019, Plaintiff Alicia A. Cohen ("Plaintiff") filed a Complaint against her father, Defendant Ronald A. Cohen[1] ("Defendant"), and filed an amended complaint against him on February 14, 2020.  (D.I. 1, 32).  Plaintiff alleged that she had been sexually abused, raped, and trafficked by Defendant from the time she was three to five years old until she was eleven years old.  (D.I. 32 ¶¶ 8–49).  The incidents in the Amended Complaint are alleged to have occurred from 1983 to 1992, but Plaintiff claimed to have forgotten these events until around the time she brought suit because "[i]in order to cope and survive, [she] repressed the memories of what Defendant did to her."  (*Id.* ¶ 50).  Plaintiff asserted that her memories began to be restored in 2013–2014 and continued to be restored until as late as 2018.  (*Id.* ¶¶ 51–52).  Defendant denied all allegations.  (D.I. 34).

Over the course of a five-day jury trial, the parties tried sixteen counts arising from federal, Delaware, New Jersey, and Florida law.  (D.I 171–175).  The jury found Defendant liable on five of the sixteen counts:  Count II (Delaware Law – Sexual Abuse of a Minor), Count III (Delaware Law – Assault or Battery), Count IV (Delaware Law – Intentional Infliction of Emotional Distress), Count V (Delaware Law – Negligent Infliction of Emotional Distress), and Count VI (Delaware Law – False Imprisonment).  (D.I. 160).  For Count II, the jury indicated that Plaintiff had proven by a preponderance of the evidence that Defendant had committed incest, sexual

---

[1]     As indicated by the case caption, Defendant is and has been known by other names.

extortion, continuous sexual abuse of a child, indecent exposure, and offensive touching. (*Id.* at 2). The jury awarded Plaintiff $750,000 in compensatory damages and another $750,000 in punitive damages. (*Id.* at 6).

Defendant now brings a renewed motion for judgment as a matter of law, or, alternatively, moves for a new trial. (D.I. 176). Defendant's motion has two bases. First, Defendant argues that Count II must be vacated as a matter of law because there was insufficient evidence for a jury to find him liable. Second, Defendant argues that the counts he was found liable for are time-barred under the applicable statute of limitations. (*See* D.I. 177, 181).

## II.   <u>LEGAL STANDARD</u>

### A.   <u>Judgment as a Matter of Law</u>

The Court will only consider Rule 50(b) arguments if they were properly preserved. To preserve an issue for a renewed judgment as a matter of law, the moving party "must timely move for judgment as a matter of law at the close of the nonmovant's case, pursuant to Rule 50(a), and specify the grounds for that motion." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1172 (3d Cir. 1993). A party's Rule 50(a) motion must be "*sufficiently specific* to afford the party against whom the motion is directed with an opportunity to cure possible defects in proof which otherwise might make its case legally insufficient." *Id.* at 1173 (emphasis in original).

Judgment as a matter of law may be entered against a non-moving party if the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue." FED. R. CIV. P. 50(a)(1). Judgment as a matter of law is appropriate "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube*, 4 F.3d at 1166. Entry of judgment as a matter of law is a remedy to be

invoked only "sparingly." *CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 383 (3d Cir. 2004).

Following a jury trial, a renewed motion for judgment as a matter of law under Rule 50(b) may be granted only if the movant demonstrates "that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings." *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (alteration in original) (internal quotation marks omitted).  Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the finding under review.  *See Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407 (Fed. Cir. 2018).  In determining whether substantial evidence supports the jury verdict, the Court may not make credibility determinations, weigh the evidence or substitute its own conclusions for that of the jury where the record evidence supports multiple inferences.  *See Lightning Lube*, 4 F.3d at 1166.

    B.    <u>New Trial</u>

Rule 59(a) permits a district court judge, "on motion," to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "New trials are commonly granted in the following situations: (1) where the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) where newly-discovered evidence exists that would likely alter the outcome of the trial; (3) where improper conduct by an attorney or the court unfairly influenced the verdict; or (4) where the jury's verdict was facially inconsistent." *See Ateliers de la Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 775 (D. Del. 2015) (citing *Zarow–Smith v. N.J. Transit Rail Operations*, 953 F.Supp. 581, 584 (D.N.J.1997)).

Whether or not to grant a motion for new trial is within the court's discretion. *See, e.g.,* *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court."). The Court, however, should not set the verdict aside as against the clear weight of the evidence solely because it would have reached a different result as the trier of fact. *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.*, 576 F. Supp. 107, 124 (D. Del. 1983). To the contrary, a jury's verdict should be set aside "only if manifest injustice will otherwise result." *Consumer Powers Co. v. Curtiss–Wright Corp.*, 780 F.2d 1093, 1097 (3d Cir. 1985); *see also Bullen v. Chaffinch*, 335 F.Supp.2d 342, 347 (D. Del. 2004) (stating a court should consider whether "a new trial must be granted to prevent a miscarriage of justice."). "Although the standard for grant of a new trial is less rigorous than the standard for grant of judgment as a matter of law – in that the Court need not view the evidence in the light most favorable to the verdict winner – a new trial should only be granted where 'a miscarriage of justice would result if the verdict were to stand,' the verdict 'cries out to be overturned,' or where the verdict 'shocks [the] conscience.'" *Ateliers*, 86 F. Supp. 3d at 776 (citing *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1352-53 (3d Cir. 1991)).

## III.   <u>DISCUSSION</u>

The Court now considers the issues raised by Defendant's motion. First, the Court will analyze whether the jury had a sufficient evidentiary basis for finding for the Plaintiff on Count II. Second, the Court will determine whether Defendant properly preserved his argument that Count II is time-barred. Last, the Court will consider whether Counts III, IV, V, and VI are time-barred. Because the Court resolves each of the above questions in Plaintiff's favor, Defendant's motions for judgment as a matter of law and a new trial will be denied.

### A.   The Jury Had a Sufficient Evidentiary Basis for Finding in Plaintiff's Favor on Count II

Count II alleges Sexual Abuse of a Minor under Delaware Law.  To establish liability for Count II, Plaintiff had the burden of proving, by a preponderance of the evidence, each of the elements of *any* one of several statutes:  (a) incest under 11 Del. C. § 766; (b) sexual extortion under 11 Del. C. § 774; (c) continuous sexual abuse of a child under 11 Del. C. § 776; (d) indecent exposure under 11 Del. C. § 765; or (e) offensive touching under 11 Del. C. § 601.  The jury found that Plaintiff had established her burden under *each* of the Delaware statutes at issue.

The Court agrees that that there was substantial evidence to support the jury's finding that the elements of at least one of the underlying statutes were met.  For example, to establish that Defendant committed indecent exposure under 11 Del. C. § 765, Plaintiff had to prove that Defendant exposed his genitals or buttocks to Plaintiff in Delaware, when she was less than 16 years of age; and Defendant knew or was aware his conduct was likely to cause Plaintiff affront or alarm.  Here, Plaintiff testified that between the ages of three and five years old, her father would force her to take baths with him at their home in Delaware, and she described the games, including "Row, Row, Row Your Boat" and "Milking the Snake" that she had to play in the bathtub that involved manual and oral stimulation of her father's genitals.  (Tr. 84:4–85:5).  She testified that her father had locked the door during the baths, and that the baths ended after her mother unlocked the door with a screwdriver during one bath and then began to supervise bathing.  (*Id.*).  Plaintiff testified that, after returning from Delaware, her father assaulted her weekly, and that "the abuse occurred in my bedroom, in the basement, parking lots, movie theater, office complexes." (*Id.* at 89:2–7).  Plaintiff also testified as to as features of her father's private anatomy (*id.* at 91:9–12) and described being given Benadryl before incidents of abuse, which caused her to become groggy and compliant (*id.* at 89:14–20).  Further, the jury heard testimony from Plaintiff's therapist

who testified that Plaintiff's complex chronic post-traumatic stress disorder began in her early childhood.  (*Id.* at 221:21–22).

Defendant asserts that this evidence is insufficient to support the jury's verdict. Specifically, Defendant describes the verdict as being based on "Plaintiff's vague and conclusory allegations" and contradicted by other parts of the verdict where the jury found for Defendant on human trafficking counts.  (D.I. 177 at 19-20).  But Defendant's argument is essentially asking the Court to make a credibility determination, as his own brief cites Plaintiff's testimony that her father repeatedly abused her in Delaware.  (*Id.* at 19).  Credibility, however, is for the jury to determine.

Here, the jury believed Plaintiff's account of abuse and it found for her on Count II.  Courts have long found that a victim's testimony alone is sufficient to support a criminal rape conviction, *see, e.g., U.S. v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000), which has a higher burden of proof than the burden faced by Plaintiff in this case.  Accordingly, there is no doubt that Plaintiff's testimony supplied a sound evidentiary basis for a jury to find in her favor on Count II.  That Defendant prevailed on counts related to human trafficking says nothing about the sufficiency of the evidence underlying Count II.

The jury had a sufficient evidentiary basis for finding that Defendant was liable for Count II, and the Court will not disturb it.

### B.      Defendant Failed to Preserve His Argument That Count II is Time-Barred

Defendant also argues that Count II is time-barred.  Defendant's argument, however, came extremely late in the proceedings.  At trial, Defendant expressly conceded that Count II is not time-barred.  (Tr. at 337:20–22, "The other count -- that only leaves Count II, Count VIII, Count XIII, and Count XIV which we concede either has no statute of limitations or it has not yet expired."; Tr. at 381:13–14, ". . . yesterday we did concede that Count II, VIII, XIII and XIV do not have

statute of limitations problems"; Tr. at 388:17–23 (same)).  In Defendant's renewed motion for judgment as a matter of law, he asserted only that "[t]he jury's verdicts as to Counts III, IV, V, and VI should be vacated as a matter of law, as all four of these claims are time-barred by the applicable statute of limitations." (D.I. 176).  Nowhere in his renewed motion did Defendant argue that Count II is time-barred.  Indeed, in his opening brief, Defendant seemed to accept that Count II is not time-barred.  (D.I. 177 at 15, "Accordingly, here, Section 8145's unlimited statute of limitations only applies to Plaintiff's Count II . . .").  Defendant, however, changed his position in his reply brief and argued for the first time that Count II was also time-barred by the applicable statute of limitations.  (D.I. 181 at 7).

The Court finds that Defendant's untimely argument that Count II is time-barred is waived and will not be entertained for two reasons.  First, Defendant never argued that Count II is time-barred when he made his motion for a judgment as a matter of law at trial, and so he cannot *renew* this argument as Rule 50(b) requires.  Additionally, Defendant waived this argument by first making it in his reply brief, not his opening brief.

A Rule 50(b) motion is a *renewed* motion for judgment as a matter of law, and may raise only grounds asserted in the motion for a directed verdict.  *Orlando v. Billcon Int'l, Inc.*, 822 F.2d 1294, 1298 (3d Cir. 1987).  When Defendant made his Rule 50(a) motion, he did not claim that Count II is time-barred.  On the contrary, Defendant explicitly conceded that "Count 2 . . . either has no statute of limitations or it has not yet expired."  (Tr. 337:20–22; 381:13–14; 388:17–23).  Because Defendant did not make a Rule 50(a) motion that Count II is time-barred, he cannot Defendant cannot "renew" the at the Rule 50(b) stage.

Moreover, in his opening brief in support of his renewed motion for judgment as a matter of law, Defendant raised a statute of limitations defense for Counts III, IV, V, and VI, but not for

Count II.  (D.I. 177).  Indeed, that brief concedes that Count II is not time-barred by stating that 10 Del. C. § 8145's "unlimited statute of limitations only applies to Plaintiff's Count II."  (D.I. 177 at 15).  Defendant's opening position was consistent with his position through trial – Count II is not time-barred.  Defendant's position only changed in his reply brief, where he first argued that Count II is time-barred.  (D.I. 181 at 6–10).  A reply brief, however, is not the appropriate time to raise a new argument.  *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief. . ."); *Hayes v. Silvers, Langsam & Weitzman, P.C.*, 441 F. Supp. 3d 62, 67 n.4 (E.D. Pa. 2020) ("[T]he Court declines to consider arguments raised for the first time in a Reply brief. . ."); *In re BlackRock Mut. Funds Advisory Fee Litig.*, 327 F. Supp.3d 690, 736 n.42 (D.N.J. 2018) (explaining that "courts ordinarily decline to consider arguments raised for the first time in a reply brief. . .").  Defendant had a full and fair opportunity to argue that Count II was time-barred in his opening brief.  He did not do so and thus waived the argument.  Therefore, for this distinct and independent reason, the Court will not consider Defendant's argument that Count II is time-barred.

### C.   <u>Counts III–VI Are Not Time-Barred</u>

Defendant further argues that Counts III–VI are time-barred.  The parties disagree as to whether the issue was waived and whether the claims are time-barred under Delaware law.  The Court will address each issue in turn.

#### 1)   <u>The Argument Was Not Waived</u>

Plaintiff contends that Defendant waived his argument that Counts III–VI are time-barred by failing to submit the argument to the jury or to the Court as a question of law in the Joint Pretrial Order.  (D.I. 180 at 2–3).  Defendant, of course, disagrees, pointing out that he raised this argument

throughout the litigation and that Plaintiff specifically responded to it throughout trial without asserting that the issue was waived.  (D.I. 177 at 8–9).

The Court agrees with Defendant.  Affirmative defenses, which include the statute of limitations, "must generally be raised as early as reasonably possible" but will generally not be waived so long as they are "raised at a 'pragmatically sufficient time' with no prejudice to the plaintiff."  *Gleeson v. Prevoznik*, 253 F. App'x 176, 179 (3d Cir. 2007) (internal quotation and citation omitted); *Stafford v. E.I. Dupont De Nemours*, 27 F. App'x 137, 140 (3d Cir. 2002) (citation omitted).  Defendant raised this defense in his Answer to Plaintiff's Complaint and First Amended Complaint.  (D.I. 7 at 19; D.I. 34 at 26).  Defendant maintained the very same argument in his motion for judgment as a matter of law (Tr. 333:17–338:8) and, at the charge conference, the parties agreed that this issue would be for the Court to decide as a question of law.  (*Id.* at 655:5–656:13).  Finding that Defendant properly raised the affirmative defense, that the parties agreed that the Court would decide whether the claims at issue are barred as a matter of law, and that Plaintiff suffers no prejudice in having the Court address this issue at this stage of the proceedings, the Court finds no waiver.

2)   Counts III–VI are Not Time-Barred As A Matter of Law

The Court will now determine whether Counts III–VI are time-barred as a matter of law.  First, the Court will analyze which statute of limitations applies.  Next, the Court will apply that statute to the present dispute.

The parties disagree as to the applicable statute of limitations.  Defendant insists that 10 Del. C. § 8119's two-year statute of limitations applies, and Plaintiff insists that 10 Del. C. § 8145's unlimited statute of limitations governs.  (D.I. 177 at 11–16; D.I. 180 at 4–6).  Neither party's argument is without *some* support – § 8119 sets a statute of limitations for "a claim for

alleged personal injuries" and § 8145 applies to "[a] cause of action based upon the sexual abuse

of a minor by an adult."  To decide which statute applies, the Court is guided by the long-standing

canon of statutory interpretation that "a specific provision controls one[s] of more general

application."  *Bloate v. United States*, 559 U.S. 196, 207 (2010); *Morales v. Trans World Airlines,

Inc.*, 504 U.S. 374, 384 (1992).  Here, § 8145 deals with "sexual abuse of a minor by an adult" and

§ 8119 concerns "personal injuries" of a general type.  Section 8145, the more specific statute,

governs.  This is consistent with the approach taken by Delaware courts.  *See, e.g.*, *Sokolove v.

Marenberg,* No. CV S13C-08-022 RFS, 2013 WL 6920791, at *2 (Del. Super. Ct. Dec. 5, 2013)

(applying § 8145 to negligent infliction of emotional harm, reckless infliction of emotional harm,

and false imprisonment claims in a case dealing with alleged sexual abuse of a child).

   Section 8145's application to Counts III–IV does not, however, summarily resolve whether

the claims in question are time-barred.  The relevant sections of § 8145 are reproduced below:

> (a) A cause of action based upon the sexual abuse of a minor by an
> adult may be filed in the Superior Court of this State at any time
> following the commission of the act or acts that constituted the
> sexual abuse. A civil cause of action for sexual abuse of a minor
> shall be based upon sexual acts that would constitute a criminal
> offense under the Delaware Code.
>
> (b) For a period of 2 years following July 9, 2007, victims of child
> sexual abuse that occurred in this State who have been barred from
> filing suit against their abusers by virtue of the expiration of the
> former civil statute of limitations, shall be permitted to file those
> claims in the Superior Court of this State.

Subsection (a) creates an unlimited statute of limitations for "sexual abuse of a minor . . . based

upon sexual acts that would constitute a criminal offense under the Delaware Code."  Subsection

(b), however, makes clear that subsection (a)'s unlimited limitation period is not wholly

retroactive, as it created a two-year revival period for previously barred claims.  Therefore, those

claims that were time-barred prior to July 10, 2007 were permitted to be revived until July 9, 2009

only.  And those claims "based upon the sexual abuse of a minor by an adult" that were not stale on July 9, 2007 could be raised at any time.  *See id.* at *5 (explaining that any claim that is not stale on July 9, 2007 would be "saved . . . forever" by § 8145).

Therefore, the question is whether Counts III–IV were barred on July 9, 2007, and therefore time-barred by the time she filed suit in 2019.  Defendant argues that "Section 8145 only applies to cases when the alleged sexual abuse occurred either (1) on or after Section 8145 was enacted in 2007; or (2) prior to 2007 and the claimant filed suit."  (D.I.181 at 6–7).  Defendant contends that the present dispute falls outside of § 8145's statute of limitations because Plaintiff's claim is based on sexual abuse that occurred between 1983 and 1992, she reported an instance of sexual abuse to her mother during that timeframe but brought suit decades later.  Plaintiff responds that her memories came back to her over time in around the timeframe she brought the suit and that § 8145 applies because of Delaware's discovery rule.

The Court agrees with Plaintiff.  Delaware courts apply the discovery rule for an "inherently unknowable injury" sustained by a plaintiff "blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof develops gradually over a period of time[.]"  *Eden v. Oblates of St. Francis de Sales*, No. 04C-01-069 CLS, 2006 WL 3512482, at *4 (Del. Super. Ct. Dec. 4, 2006) (citing *Layton v. Allen*, 246 A.2d 794, 798 (Del.1968)).  Delaware courts have recognized the applicability of this rule in tolling the statute of limitations where an individual alleged that their memory of being sexually abused as a child was repressed.  *See id.*; *Keller v. Maccubbin*, No. CIV.A. K11C-03015RBY, 2012 WL 1980417, at *4 (Del. Super. Ct. May 16, 2012).  In *Eden*, for example, the court held that the plaintiff was time-barred from bringing a claim related to an instance of abuse that he reported, but was not time-barred from bringing claims related to the 900 instances of abuse he suffered *before* the reported claim because

there was sufficient evidence in the record indicating that the plaintiff suffered from traumatic amnesia (a condition impacting memory).

Thus, the Court cannot find that Plaintiff was time-barred from bringing Counts III–VI as a matter of law. Plaintiff alleged that her memories were repressed until 2018. Based on the courts' analyses in *Eden* and *Keller*, a plaintiff's repressed memory can toll § 8119. Because Plaintiff submitted sufficient evidence that she regained her memory well after § 8145(a)'s unlimited statute of limitations replaced § 8119 for victims of child sexual abuse, the Court cannot find that Plaintiff was time-barred from bringing her claims as a matter of law. Whether her memories truly were repressed would be a question of fact for the jury to decide, but Defendant chose not to submit that question to the jury. Because there was sufficient evidence in the record for the jury to find that Plaintiff's memories were repressed until around the time she filed suit, the Court does not find that Counts III–IV are time-barred as a matter of law, and the jury's verdict will stand.

## IV.     <u>CONCLUSION</u>

For the above reasons, Defendant's renewed motions for judgment as a matter of law and a new trial are DENIED. An appropriate order will follow.